UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| PORK ANTITRUST LITIGATION | ) No. 1:22-mc-00025-SEB-TAB |
| | ) |

**ORDER ON MOTION TO TRANSFER
INDIANA PACKERS CORPORATION'S MOTION TO QUASH
TO THE DISTRICT OF MINNESOTA OR TO STAY PROCEEDINGS**

**I.    Introduction**

Before the Court is a motion to quash subpoena and motion for attorneys' fees and expenses [Filing No. 1] filed by the Indiana Packers Corporation in this miscellaneous matter related to the action *In re Pork Antitrust Litigation*, No. 18-cv-1776, pending in the District of Minnesota.  In addition, the Class Plaintiffs from the Minnesota litigation filed a motion to transfer Indiana Packers' motion to quash to the District of Minnesota or to stay proceedings. [Filing No. 11.]  Normally, jurisdiction over a subpoena rests in the place where compliance is expected—which in this case, would be Indiana.  However, exceptional circumstances are present here that warrant transfer of this matter to Minnesota under Fed. R. Civ. P. 45(f).  Thus, for reasons explained below, the motion to transfer [Filing No. 11] is granted.  The Court transfers Indiana Packers' motion to quash [Filing No. 1] to the District of Minnesota.[1]

---

[1] The Court recognizes that it is entering this order before the deadline for Indiana Packers to file a response brief to the motion to transfer.  However, the Court does so because time is of the essence: this matter is set for a May 9, 2022, hearing in Minnesota.

**II.     Background**

This multidistrict litigation originated in 2018, when the Class Plaintiffs filed complaints alleging that pork producers and integrators engaged in a conspiracy to fix, raise, maintain, and stabilize the price of pork. [Filing No. 12, at ECF p. 4.] Numerous actions were filed in the District of Minnesota, and later other districts. In 2021, an MDL was created, and eventually the actions consolidated into a single MDL in the District of Minnesota. [Filing No. 12, at ECF p. 4-5.] Indiana Packers describes itself as "one of the Midwest's premier food companies" with a "strong pork background." [Filing No. 12, at ECF p. 5.] Plaintiffs initially named Indiana Packers as a defendant, but the MDL Court in Minnesota dismissed Indiana Packers with prejudice, concluding that the Class Plaintiffs did not sufficiently allege parallel conduct with respect to Indiana Packers. [Filing No. 12, at ECF p. 5.]

On June 7, 2021, the Class Plaintiffs subpoenaed Indiana Packers. Indiana Packers served its objections on July 9, 2021. [Filing No. 12, at ECF p. 6.] The parties met and conferred, but eventually reached an impasse. Thus, on March 17, 2022, Plaintiffs filed their motion to compel in the MDL Court in Minnesota. [Filing No. 12, at ECF p. 8.] On March 28, 2022, Indiana Packers filed its motion to quash in this Court. [Filing No. 1.] That same day, Indiana Packers filed an opposition brief in the MDL Court in which it challenged the MDL Court's jurisdiction to resolve disputes concerning the enforceability of the subpoena. Response to Mot. to Compel, ECF No. 1240, *In re Pork Antitrust Litig.*, No. 18-cv-1776 (D. Minn. Mar. 28, 2021). Indiana Packers' response to the motion to compel declined to respond substantively, requested that Plaintiffs not be permitted to respond to its arguments regarding jurisdiction, and requested leave to respond to the merits of Plaintiffs' arguments if the Court concluded it had jurisdiction. The Minnesota MDL Court ordered briefing on the MDL Court's jurisdiction and

the merits of the motion to compel, which are due on April 29, 2022. The MDL Court will hear argument on May 9, 2022, via videoconference.

### III.  Discussion

Plaintiffs argue that this Court should not decide the merits of Indiana Packers' motion to quash, but instead should either transfer the motion to the MDL Court in Minnesota or alternatively stay the proceedings until the MDL Court rules on Plaintiffs' motion to compel. [Filing No. 12, at ECF p. 9.]  Plaintiffs argue that both 28 U.S.C. § 1407(b) and Fed. R. Civ. P. 45(f) support transfer to the District of Minnesota. While the Court could analyze Plaintiffs' motion under either, Fed. R. Civ. P. 45(f) governs this request. Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R .Civ. P. 45(f). Indiana Packers do not consent to transfer in this case, so Plaintiffs' motion to transfer will be granted only if the Court finds exceptional circumstances.

The term "exceptional circumstances" is not defined by the rule, but the Advisory Committee Notes to the 2013 Amendments state that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45 Advisory Committee Notes. "Transfer may also be appropriate where it would allow for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple for a as well as piecemeal appeals." *In re Motion to Quash Subpoena Issued to Non-Party JPMorgan Chase Bank, N.A.*, No. 1-17-mc-00069-JMS-TAB, 2017 WL 6623060, at *3 (S.D. Ind. Dec. 28, 2017) (internal citation and quotation marks omitted)). The fundamental concern weighing against transfer of a motion to quash a subpoena is the burden on the local

3

non-party subject to the subpoena—in this case, Indiana Packers. *Animal Legal Def. Fund v. United States Food & Drug Admin.*, No. 1:17-MC-26-PRC, 2017 WL 3580136, at *1 (N.D. Ind. Aug. 18, 2017). As the party requesting transfer, Plaintiffs bear the burden to show that exceptional circumstances exist. *Id.*; Fed. R. Civ. P. 45 Advisory Committee Notes.

To determine whether exceptional circumstances exist, courts consider three overarching questions:

> (1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel.

*In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-mc-064 (ECF/ECW), 2020 WL 5988498, at *4 (D. Minn. Oct. 9, 2020). Exceptional circumstances exist here which justify transfer of the motion to quash to the District of Minnesota. First, the MDL proceedings in Minnesota would be significantly disrupted if the subpoena is adjudicated in the Southern District of Indiana. Adjudicating the subpoena in Indiana risks inconsistency in rulings and threatens the cohesiveness achieved by the District of Minnesota since the case was filed nearly four years ago.

In addition, Indiana Packers faces minimal burden from its motion to quash being transferred to the District of Minnesota. While the Court weighs the undue hardship on a nonparty in requiring compliance with a subpoena in a less convenient location, Indiana Packers is not a small, local business. Plaintiffs aver that Indiana Packers, a large pork integrator, is represented by national lead counsel at Mayer Brown out of its Chicago Office and has had local counsel in Minnesota since it was a party in 2018. No travel will be required, as the MDL Court already ordered briefing and set a hearing on Plaintiffs' motion to compel via Zoom

4

videoconference for May 9. Thus, transferring the subpoena to Minnesota will not be an undue burden. And finally, the MDL Court has extensive knowledge on the underlying issues and experience with the litigants in this case. Minnesota is in the best position to rule on the issues underlying the subpoena and motion to compel, which is already pending in that district.

Moreover, the Advisory Committee Notes for Fed. R. Civ. P. 45 specifically state: "Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions." On April 15, the unsigned magistrate judge spoke with The Hon. Hildy Bowbeer, the magistrate judge for the District of Minnesota assigned to the MDL, about the jurisdictional issue raised in Plaintiffs' motion to transfer. Both magistrate judges agree that exceptional circumstances exist here considering the long-running, complex multidistrict litigation underlying this matter. Accordingly, the Court finds it appropriate to transfer this matter to Minnesota.

**IV.     Conclusion**

Exceptional circumstances warrant transferring this matter expeditiously to the MDL Court in Minnesota. Thus, for the reasons noted above, the Court declines to consider Indiana Packers' motion to quash [Filing No. 1] and grants Plaintiffs' motion to transfer [Filing No. 11]. The Court directs the Clerk to transfer this matter to Cause Number 0:18-cv-01776-JRT-HB, in the United States District Court for the District of Minnesota. The Court further directs the Clerk to terminate this matter on the Court's docket.

Date: 4/19/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email